## B. B. PENNER v. OLE A. ULVESTAD.[1]

January 28, 1910.

Nos. 16,412—(190).

**Offer to Purchase Town Building — Conditional Acceptance — Decision Sustained by Findings.**

Action to recover the value of a bell and platform, which were a part of a building which the plaintiff claims was sold to him by a village, the owner thereof. Upon the facts found by the trial court, which are stated in the opinion, judgment was ordered for the defendant. *Held*, that the conclusion of law is sustained by such facts.

Action in justice court in the city of St. James, county of Watonwan, to recover $42 for the conversion of a bell and platform. Defendant admitted taking the property and alleged that it was the property of the village of Butterfield and that in taking it he acted for and in behalf of the village. From judgment for $15 and costs in favor of plaintiff, defendant appealed to the district court for that county. The case was there tried before Pfau, J., who found in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Seager & Seager,* for appellant.
*Hammond & Burns,* for respondent.

START, C. J.

The village of Butterfield, in this state, owned a building used as a town hall, to which was spiked a platform and a fire bell bolted. The village, having no further use for the building, caused to be published

[1]Reported in 124 N. W. 371.

a notice which so far as here material was in these words: "The village council will receive sealed bids for the purchase of the old town hall. * * * The council reserves the right to reject any and all bids." This notice was signed by the village recorder. In response to this notice the plaintiff, by and in the name of his agent, submitted a bid of $75.25 for the building. The council at a regular meeting, neither the plaintiff nor his agent being present, qualifiedly accepted the plaintiff's bid by adding to the acceptance this proviso: "Provided he move said building within two weeks from date. Fire bell and platform is not to go with the building."

The acceptance, with the condition and reservation, was duly entered in the records of the village council. The recorder orally informed the plaintiff's agent that the bid had been accepted. Thereupon the agent gave his check to the recorder, payable to him personally, but it stated that it was for "old town hall," for the amount of the bid. The check was paid, and the money received and retained by the village; but whether the council then knew that the recorder had informed the plaintiff that his bid had been accepted does not appear from the record. The plaintiff had no actual notice, when he gave the check, that the acceptance of his bid was a conditional one, and that the bell and platform were reserved. Nor was he so informed until about the time he was ready to move the building, when he was so informed by the recorder.

Thereupon the defendant herein, on behalf of the village, while the plaintiff was moving the building, took and removed the bell and platform for the village. The plaintiff then commenced this action in justice court for the value of the bell and platform, and recovered a judgment against the defendant for fifteen dollars and costs. On appeal by the defendant to the district court of the county of Watonwan the case was tried by the court without a jury, and facts found, which were substantially as we have stated, and as a conclusion of law judgment was ordered for the defendant. The plaintiff appealed from an order denying his motion for a new trial.

The only question presented by the record is whether the findings of fact sustain the conclusion of law.

The village council alone could sell the building. Sections 706 and

727, subsec. 5, R. L. 1905. It expressly reserved the right to reject any and all bids for the building, and it exercised the right by accepting the bid only upon the condition that it should be removed within two weeks and that the bell and platform should not go with the building. The plaintiff was under no obligation to accept the condition, and if he never did accept it there was never a sale of the building. The plaintiff, however, removed the building after he had been informed of the condition, and this act constituted an acceptance of the condition, unless the village was estopped to insist on the condition by the act of the recorder in notifying the plaintiff that his bid had been accepted, without informing him of the condition thereof, and the receiving and retaining of the money by the village. The facts found by the trial court do not show such estoppel, for no action was taken by the council, which alone had power to make the sale, tending to mislead the plaintiff. Assuming that the plaintiff was not guilty of negligence in relying upon the information of the recorder, instead of examining the record of the proceedings of the council, the most he was entitled to was the return of his money upon the ground that it was paid under a mistake of fact. This he did not demand; but, after being fully advised in the premsies, he proceeded to remove the building, and brought this action for the value of the bell and platform taken away on behalf of the village, pursuant to the condition of its acceptance of plaintiff's bid. The conclusion of law is sustained by the trial court's findings of fact. Order affirmed.